**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4081-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ABDUL L. PARKER, a/k/a
LAMONT PARKER, ABDUAL
PARKER, and LAMAR PARKER,

     Defendant-Appellant.

_____

Submitted November 18, 2019 – Decided February 7, 2020

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 14-05-1032.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Abdul Parker, appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. On the day scheduled for trial, defendant pled guilty to two counts of first-degree robbery and one count of conspiracy to commit robbery. He was sentenced to an aggregate fifteen-year sentence subject to the parole ineligibility term required under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant claims that his trial attorney rendered ineffective assistance of counsel. Specifically, defendant contends that his trial counsel provided constitutionally deficient assistance by not conducting a proper pretrial investigation, by not obtaining surveillance videos, by not filing pretrial motions including a motion for a Wade/Henderson[1] hearing, by not reviewing the discovery with defendant, and by not preparing for trial. The PCR court determined that defendant failed to submit evidence to support any of his claims of ineffective assistance and also failed to establish that he suffered prejudice from his counsel's allegedly deficient performance. The PCR court characterized defendant's claims as "bald assertions" insufficient to justify an evidentiary hearing much less the vacation of his guilty pleas.

---

[1] United States v. Wade, 338 U.S. 218 (1967); State v. Henderson, 208 N.J. 208 (2011).

A-4081-17T1

We have reviewed the record on appeal in light of the applicable legal standards and conclude defendant's contentions were properly rejected by the PCR court without the need for an evidentiary hearing. We affirm the denial of PCR substantially for the reasons set forth in the PCR court's written opinion.

I.

Defendant raises the following contentions on this appeal:

POINT I

AFTER [DEFENDANT] DEMONSTRATED THAT HIS COUNSEL WAS UNPREPARED FOR TRIAL, THE PCR COURT ERRED BY DETERMINING THAT THE [DEFENDANT] FAILED TO MAKE A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT II

BECAUSE [DEFENDANT] MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

POINT III

PCR COUNSEL WAS INEFFECTIVE FOR NOT SUBMITTING AFFIDAVITS SUBSTANTIATING [DEFENDANT'S] CLAIMS.

Post-conviction relief serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. Ibid. To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Defendant's PCR petition raises claims of constitutionally deficient assistance of counsel. Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong of the <u>Strickland</u> test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Ibid.</u> Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689.

The second prong of the <u>Strickland</u> test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. <u>Id.</u> at 694. This assessment is necessarily fact-specific to the context in which the alleged errors occurred. When a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" <u>State v. Nunez-Valdez</u>, 200 N.J. 129, 139 (2009) (quoting <u>State v. DiFrisco</u>, 137 N.J. 434, 457 (1994) (alterations in original)).

Short of obtaining immediate relief, a defendant may prove that an evidentiary hearing is warranted to develop the factual record in connection with

an ineffective assistance claim. Preciose, 129 N.J. at 462–63. The PCR court should grant an evidentiary hearing when (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; R. 3:22-10(b). To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Preciose, 129 N.J. at 463. "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462–63.

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that [he or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The petitioner must allege specific facts sufficient to support a prima facie claim. Ibid. Furthermore, the petitioner must present these facts in the form of admissible evidence. In other words, the relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

A-4081-17T1

## III.

Applying the foregoing legal principles to the record before us, we conclude that defendant has failed to establish by a preponderance of the evidence that he is entitled to vacate his guilty plea and, similarly, has not established a prima facie case of ineffective assistance sufficient to justify an evidentiary hearing. Preciose, 129 N.J. at 459, 463. Where, as here, a defendant claims his or her attorney failed to investigate the case, the defendant must state "the facts that an investigation would have revealed, supported by affidavits or certifications." State v. Porter, 216 N.J. 343, 353 (2013) (quoting Cummings, 321 N.J. Super. at 170). In this instance, defendant has not presented any competent evidence showing, for example, what would have been found by the pretrial investigation defendant claims trial counsel should have undertaken.

Relatedly, defendant has provided no competent evidence with respect to what the surveillance videos he refers to would have shown. Nor has defendant provided evidence to show that a Wade/Henderson motion would have had merit and would have resulted in the suppression of, or at least an adverse inference with respect to, an out-of-court identification that would have been used against him at trial. In sum, the record before us presents nothing more than the kind of "bald" assertions that afford no basis for post-conviction relief.

A-4081-17T1

Finally, we note that defendant also claims in this appeal that his PCR counsel was ineffective in failing to assist defendant with preparing certifications and affidavits to support defendant's contentions that trial counsel was ineffective. "This relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard. Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). The Court has stated:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." Hicks, 411 N.J. Super. at 376 (citing State v. Rue, 175 N.J. 1, 4 (2002)).

A-4081-17T1

Defendant's claims regarding his PCR counsel's ineffective assistance are nothing but "bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). As with his claim concerning the ineffectiveness of trial counsel, defendant is obligated to support his argument concerning PCR counsel's ineffectiveness under Rule 3:22-6(d) with "affidavits or certifications." Ibid. Defendant has failed to provide this court with the necessary competent proofs to support his claim that he would have filed certifications and affidavits in support of his ineffectiveness claim regarding trial counsel. We refuse to speculate whether PCR counsel performed effectively in presenting defendant's contentions in the absence of competent "facts sufficient to demonstrate counsel's alleged substandard performance." Ibid.

We appreciate that ineffective assistance by PCR counsel might be one reason defendant failed to support his PCR contentions with certifications or affidavits. There are also other possible reasons, including the possibility that defendant refused to subject himself to punishment by certifying to willfully false statements. R. 1:4-4. It is not our place to speculate on such matters, especially when there remains an opportunity for defendant to present this claim to a PCR judge. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (citing Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div.

1959)). Our task on this appeal is to review the PCR court's ruling in view of the record before us. Defendant's claim on appeal that PCR counsel rendered ineffective assistance is no less "bald" than the contentions that were presented to the PCR court.

Defendant is free to file a new PCR petition asserting that counsel assigned to represent him in the PCR court rendered ineffective assistance. R. 3:22-4(b)(2)(C). We would expect any such new petition to be supported by competent evidence that PCR counsel's performance was deficient, and that defendant suffered prejudice as a result. In that event, a Law Division PCR judge would have an opportunity to review the proffered evidence, convene an evidentiary hearing if appropriate, and issue a ruling that would be subject to appellate review on a fulsome record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4081-17T1